**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF FLORIDA

Case number *(if known)* _____    Chapter ___11___

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Tamarac 10200, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **61-1702050** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **10200 N.W. 67th Street**<br>**Tamarac, FL 33321**<br>Number, Street, City, State & ZIP Code | |
| | P.O. Box, Number, Street, City, State & ZIP Code |
| **Broward**<br>County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Tamarac 10200, LLC**
Name

Case number (*if known*)

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    5311

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | When | Case number |
|----------|------|-------------|
| District | _____ | When _____ | Case number _____ |
| District | _____ | When _____ | Case number _____ |

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor | Relationship |
|--------|--------------|
| District _____ | When _____ | Case number, if known _____ |

---

Debtor    **Tamarac 10200, LLC**_____          Case number (*if known*)_____
Name

**11.  Why is the case filed in**     *Check all that apply:*
**this district?**

■  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
   preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or**     ■ No
**have possession of any**
**real property or personal**     ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**property that needs**
**immediate attention?**

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
   livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**  _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency  _____

         Contact name  _____

         Phone  _____

---

■   **Statistical and administrative information**

**13.  Debtor's estimation of**    .    *Check one:*
**available funds**

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of**    ■ 1-49                    ☐ 1,000-5,000           ☐ 25,001-50,000
**creditors**              ☐ 50-99                    ☐ 5001-10,000           ☐ 50,001-100,000
                     ☐ 100-199                  ☐ 10,001-25,000         ☐ More than100,000
                     ☐ 200-999

**15.  Estimated Assets**    ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                     ☐ $50,001 - $100,000        ■ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
                     ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                     ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

**16.  Estimated liabilities**    ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                     ☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
                     ☐ $100,001 - $500,000       ■ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                     ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

Debtor    **Tamarac 10200, LLC**
_____
         Name

Case number (*if known*) _____

---

████    **Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December  7, 2020**
            _____
               MM / DD / YYYY

**X** **/s/ Neil F. Luria**
_____
Signature of authorized representative of debtor

**Neil F. Luria**
_____
Printed name

Title    **Chief Restructuring Officer**
     _____

---

**18. Signature of attorney**

**X** **/s/ Paul Steven Singerman**
_____
Signature of attorney for debtor

Date    **December  7, 2020**
     _____
          MM / DD / YYYY

**Paul Steven Singerman 378860**
_____
Printed name

**Berger Singerman LLP**
_____
Firm name

**1450 Brickell Avenue**
**Suite 1900**
**Miami, FL 33131**
_____
Number, Street, City, State & ZIP Code

Contact phone    **305-755-9500**    Email address    **singerman@bergersingerman.com**
            _____            _____

**378860 FL**
_____
Bar number and State

---

# United States Bankruptcy Court
## Southern District of Florida

In re    **Tamarac 10200, LLC**                          Case No.

                                                Debtor(s)                 Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    **December  7, 2020**                      **/s/ Neil F. Luria**

                                                 **Neil F. Luria**/**Chief Restructuring Officer**
                                                 Signer/Title

```
Florida Department of State
Division of Corporations
P.O. Box 6198
Tallahassee, FL 32314


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114


International Supply Group Corp.
1430 S. Dixie Highway, Ste. 321
Coral Gables, FL 33146


IRC Consulting, Inc.
Attn: Charles Sweet, President
1020 Holland Drive, Ste. 114
Boca Raton, FL 33487


IRS - Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324


NHTV ULM Holding LLC
c/o MS Capital Partners Adviser Inc.
Attn: Frederik Wijsenbeek
1585 Broadway
New York, NY 10036


Raimundo Jose Santamarta
1500 Island Boulevard
Aventura, FL 33160


State of Florida/Department of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668


Unipharma, LLC
10200 N.W. 67th Street
Fort Lauderdale, FL 33321


United States Trustee
51 S.W. First Avenue, Ste. 1204
Miami, FL 33130
```

## OFFICER'S CERTIFICATE

I, NEIL LURIA, hereby certify that I am the duly appointed, qualified and acting Chief Restructuring Officer of Tamarac 10200, LLC, a Florida limited liability company (the "Company"), and, as such, I am authorized to execute and deliver this Officer's Certificate on behalf of the Company, and do hereby certify that the attached hereto as **Exhibit A** is a true, correct and complete copy of the written resolutions adopted by the Manager of the Company. Such resolutions have not been revoked, modified, amended, or rescinded since their adoption, are in full force and effect as of the date hereof, and are the only resolutions adopted by the Manager of the Company with respect to the subject matter thereof.

**IN WITNESS WHEREOF**, I have executed this Officer's Certificate on this __6th__ day of December 2020.

By: _____

Neil Luria, Chief Restructuring Officer

10179331-1

## EXHIBIT A

**WRITTEN CONSENT**
**OF THE SOLE MANAGER**
**OF TAMARAC 10200, LLC,**
**IN LIEU OF A MEETING**

The undersigned, being the sole manager (the "Manager") of Tamarac 10200, LLC, a Florida limited liability company (the "Company"), does hereby waive all formal requirements, including the necessity of holding a formal or informal meeting, and any requirements for notice; and does hereby consent in writing to the adoption of the following unanimous resolutions, taking said actions in lieu of a meeting of the Manager of the Company pursuant to the Florida Revised Limited Liability Company Act and the First Amended and Restated Operating Agreement of the Company, dated as of September 28, 2018, as amended (the "Operating Agreement") (collectively, the "Written Consent"). Any defined term used but not defined herein shall have the meaning ascribed to such term in the Operating Agreement. These resolutions may be executed in more than one counterpart, by pdf or facsimile, each of which shall be an original and all of which together shall be one and the same instrument.

**WHEREAS**, the Manager has waived any and all notice requirements in connection with the resolutions unanimously adopted herein;

**WHEREAS**, the Manager has reviewed and considered the operational condition of the Company and the business of the Company on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the business, creditors and other parties in interest of the Company;

**WHEREAS**, the Manager has received, reviewed and considered the recommendations the legal, financial and other advisors of the Company as to the relative risks and benefits of pursuing a reorganization under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code"), and the Manager has had an opportunity to consult with the legal, financial and other advisors of the Company and has fully considered each of the strategic alternatives available to the Company;

**WHEREAS**, the Manager has received, reviewed, and considered entering into a commitment for debtor-in-possession financing for Unipharma, LLC ("Unipharma") as guarantor on or about December 6, 2020, for a senior secured debtor-in-possession financing credit facility in an aggregate amount up to $15,600,000 (the "DIP Facility"), and the Manager has received and reviewed the credit agreement documenting the DIP Facility (as amended, supplemented, restated, or otherwise modified from time to time, the "DIP Credit Agreement") with the lenders set forth therein;

**WHEREAS**, the Manager agrees that the Company will obtain benefits from the DIP Facility and desires that the Company enter into that certain DIP Credit Agreement;

10179331-1

**WHEREAS**, in the business judgment of the Manager, it is in the best interests of the Company, its creditors, employees, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of the Bankruptcy Code, in which the authority to operate as debtors-in-possession will be sought;

**WHEREAS**, the Manager desires that the Company files or causes to be filed a voluntary petition (collectively, the "Petition") for relief under chapter 11 of the Bankruptcy Code and the following resolutions are adopted by the unanimous written consent of the Manager:

## I.      Chapter 11 Case.

**IT IS THEREFORE RESOLVED**, that in the business judgment of the Manager, it is desirable and in the best interests of the Company and its equity owners, creditors, employees, and other interested parties that a Petition be filed by the Company under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Manager shall and does hereby approve and ratify the recommendation of the senior management of the Company to file a Petition on behalf of the Company in the United States Bankruptcy Court for the Southern District of Florida (collectively, the "Chapter 11 Case"); and it is further

**RESOLVED**, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition for the Company, (ii) to commence the Chapter 11 Case, and (iii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper and necessary to effect any of the foregoing; and it is further

**RESOLVED**, that the Manager hereby authorizes, directs and empowers any current or future Chief Executive Officer, Chief Restructuring Officer, or Chief Financial Officer of the Company (collectively, the "Authorized Officers"), and each of them, acting alone or in any combination, on behalf of the Company to prepare, execute and/or verify and to cause to be filed, and the Secretary, any Assistant Secretary or other applicable officer, be and each hereby is authorized to attest to, any and all documents required by, necessary or appropriate to, the filing and administration of the Chapter 11 Case, including but not limited to the Petition, as well as all other ancillary documents (including, but not limited to, petitions, schedules, statements, lists, motions, applications, DIP Credit Agreement(s), objections, responses, affidavits, declarations, complaints, pleadings, disclosure statements, plans of reorganization or liquidation and other papers or documents) necessary or desirable in connection with the foregoing, including but not limited to, any amendments, modifications or supplements thereto (collectively, the "Chapter 11 Documents"); and it is further

**RESOLVED**, that any of the Authorized Officers, who may act without the joinder of any of the other officer or manager of the Company, is hereby authorized to execute and deliver the Chapter 11 Documents in the name and on behalf of the Company and otherwise to take all actions (including, without limitation, (i) negotiation, execution, delivery, and filing of any agreements, certificates, or other instruments or documents, (ii) the payment of any retainer or consideration for

any professional retained by the Company in the Chapter 11 Case, and (iii) the payment of expenses and taxes as any such Authorized Officer may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to be necessary, appropriate, or advisable) in order to commence and administer the Chapter 11 Case, and all acts of the Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

## II.    **Retention of Professionals**.

**RESOLVED**, the Manager hereby approves and ratifies the employment by the Company of the law firm of Berger Singerman LLP ("Berger Singerman"), to represent the Company as its general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and all related matters, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers (defined herein) be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Berger Singerman;

**RESOLVED**, the Manager hereby reapproves and reratifies the employment by the company of SOLIC Capital Advisors, LLC and SOLIC Capital, LLC (collectively, "SOLIC"), to provide the services of the Chief Restructuring Officer and certain other interim offices to represent the Company pursuant to the retention agreement dated November 10, 2020, to provide the restructuring services detailed therein to the Company; and in connection therewith, the Authorized Officers (defined herein) be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of SOLIC; and it is further

**RESOLVED,** that the retention of Kurtzman Carson Consultants LLC pursuant to the retention agreement dated November 23, 2020, and the execution of any retention agreements, the payment of any retainers, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Officers, and each of them hereby is, authorized and directed to immediately upon and after the filing of the Chapter 11 Case execute and cause to be filed an application for authority to retain Kurtzman Carson Consultants LLC as the Company's notice and claims agent; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Officers

acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of such firms.

## III.    **Debtor-in Possession Financing**

  **RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the and in the name of the Company (A) to obtain post-petition financing according to the terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, and (B) to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

  **RESOLVED**, that the form, terms, and provisions of the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), and the Company's incurrence and performance of its obligations under the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), including any borrowings thereunder, granting of liens on, or security interests in, all or any portion of the Company's assets as provided therein, and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects authorized and approved; and further resolved, that each of the Authorized Officers be, and hereby is, authorized and empowered to executed and deliver, and to cause the Company to incur and perform its obligations under the DIP Facility and the DIP Credit Agreement and each of the agreements, documents, and instruments contemplated by any of the foregoing or requested by the DIP Facility lenders in connection with any of the DIP Facility (together with the DIP Credit Agreement, the "DIP Facility Documents"), and each of the documents and instruments contemplated thereby, in the name and on behalf of the Company under its seal or otherwise, substantially in the forms presented to the Manager, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof; and it is further

  **RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, extensions, replacements, consolidations, substitutions, and extensions of the DIP Facility and the DIP Facility Documents that shall in their sole judgment be necessary, proper or advisable; and it is further

10179331-1                                              4

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and any of the other DIP Facility Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

## IV.    General Authorizations and Ratifications.

**RESOLVED**, that the Authorized Officers be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to (i) take such further actions and execute and deliver or cause to be executed and delivered, where necessary or appropriate, file (or cause to be filed) with the appropriate governmental authorities all such other certificates, instruments, guaranties, notices and documents as may be required or as such Authorized Officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (ii) perform the obligations of the Company under the Bankruptcy Code, the DIP Facility, the DIP Credit Agreement, and the other DIP Facility Documents, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such officer and by the Company, and (iii) incur and pay such fees, expenses and other amounts as in his, her or their judgment shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of each of the foregoing resolutions; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to adopt resolutions and otherwise exercise the rights and powers of the Company as such Authorized Officer may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the Company; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects, confirmed, ratified and approved; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any director, officer or equity holder of the Company or any of the professionals in connection with the reorganization or liquidation of the Company or any matter related thereto, or by virtue of these resolutions be, and they hereby are, in all respects, ratified, confirmed and approved; and it is further

**RESOLVED**, that these resolutions and actions shall be the actions of the Manager, and the Chief Executive Officer of the Company is hereby directed to place the Minutes of the Manager with the records of the proceedings of the Manager; and it is further

**RESOLVED**, that the Chief Executive Officer of the Company is hereby authorized to join the execution of, or attest and/or affix the corporate seal of the Company to any documents, agreement or instrument executed by the Authorized Officers of the Company on behalf of the Company in furtherance of the foregoing resolutions.

*Signatures on following page.*

**IN WITNESS WHEREOF**, the undersigned, in his capacity as the Manager of Tamarac 10200, LLC, has executed and delivered this Written Consent for the purpose of giving his consent hereto as of the date written below.

**MANAGER**

Charles Sweet
Date: ___December 6___, 2020

## OFFICER'S CERTIFICATE

I, NEIL LURIA, hereby certify that I am the duly appointed, qualified and acting Chief Restructuring Officer of Tamarac 10200, LLC, a Florida limited liability company (the "Company"), and, as such, I am authorized to execute and deliver this Officer's Certificate on behalf of the Company, and do hereby certify that the attached hereto as **Exhibit A** is a true, correct and complete copy of the unanimous written resolutions adopted by the Members of the Company. Such resolutions have not been revoked, modified, amended, or rescinded since their adoption, are in full force and effect as of the date hereof, and are the only resolutions adopted by the Members of the Company with respect to the subject matter thereof.

**IN WITNESS WHEREOF**, I have executed this Officer's Certificate on this 6th day of December 2020.

By: _____

Neil Luria, Chief Restructuring Officer

10179327-1

**EXHIBIT A**

**UNANIMOUS WRITTEN CONSENT
OF THE MEMBERS
OF TAMARAC 10200, LLC,
IN LIEU OF A MEETING**

The undersigned, being all of the Members  (the "Members") of Tamarac 10200, LLC, a Florida limited liability company (the "Company"), do hereby waive all formal requirements, including the necessity of holding a formal or informal meeting, and any requirements for notice; and do hereby consent in writing to the adoption of the following unanimous resolutions, taking said actions in lieu of a meeting of the Members of the Company pursuant to the Florida Revised Limited Liability Company Act and the First Amended and Restated Operating Agreement of the Company, dated as of September 28, 2018, as amended (the "Operating Agreement") (collectively, the "Written Consent"). Any defined term used but not defined herein shall have the meaning ascribed to such term in the Operating Agreement.  These resolutions may be executed in more than one counterpart, by pdf or facsimile, each of which shall be an original and all of which together shall be one and the same instrument.

**WHEREAS**, each Member has waived any and all notice requirements in connection with the resolutions unanimously adopted herein;

**WHEREAS**, each Member has reviewed and considered the operational condition of the Company and the business of the Company on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the business, creditors and other parties in interest of the Company;

**WHEREAS**, the Members have received, reviewed and considered the recommendations the legal, financial and other advisors of the Company as to the relative risks and benefits of pursuing a reorganization under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code"), and the Members have had an opportunity to consult with the legal, financial and other advisors of the Company and have fully considered each of the strategic alternatives available to the Company;

**WHEREAS**, the Members have received, reviewed, and considered entering into a commitment for debtor-in-possession financing for Unipharma, LLC ("Unipharma") as guarantor on or about December 6, 2020, for a senior secured debtor-in-possession financing credit facility in an aggregate amount up to $15,600,000 (the "DIP Facility"), and the Members have received and reviewed the credit agreement documenting the DIP Facility (as amended, supplemented, restated, or otherwise modified from time to time, the "DIP Credit Agreement") with the lenders set forth therein;

**WHEREAS**, the Members agree that the Company will obtain benefits from the DIP Facility and desire that the Company enter into that certain DIP Credit Agreement;

**WHEREAS**, in the business judgment of the Members, it is in the best interests of the Company, its creditors, employees, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of the Bankruptcy Code, in which the authority to operate as debtors-in-possession will be sought;

**WHEREAS**, the Members desire that the Company files or causes to be filed a voluntary petition (collectively, the "Petition") for relief under chapter 11 of the Bankruptcy Code and the following resolutions were adopted by the unanimous written consent of the Members:

## I.    **Chapter 11 Case**.

**IT IS THEREFORE RESOLVED**, that in the business judgment of the Members, it is desirable and in the best interests of the Company and its equity owners, creditors, employees, and other interested parties that a Petition be filed by the Company under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Members shall and do hereby approve and ratify the recommendation of the senior management of the Company to file a Petition on behalf of the Company in the United States Bankruptcy Court for the Southern District of Florida (collectively, the "Chapter 11 Case"); and it is further

**RESOLVED**, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition for the Company, (ii) to commence the Chapter 11 Case, and (iii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper and necessary to effect any of the foregoing; and it is further

**RESOLVED**, that the Members hereby authorize, direct and empower any current or future Chief Executive Officer, Chief Restructuring Officer, or Chief Financial Officer of the Company (collectively, the "Authorized Officers"), and each of them, acting alone or in any combination, on behalf of the Company to prepare, execute and/or verify and to cause to be filed, and the Secretary, any Assistant Secretary or other applicable officer, be and each hereby is authorized to attest to, any and all documents required by, necessary or appropriate to, the filing and administration of the Chapter 11 Case, including but not limited to the Petition, as well as all other ancillary documents (including, but not limited to, petitions, schedules, statements, lists, motions, applications, DIP Credit Agreement(s), objections, responses, affidavits, declarations, complaints, pleadings, disclosure statements, plans of reorganization or liquidation and other papers or documents) necessary or desirable in connection with the foregoing, including but not limited to, any amendments, modifications or supplements thereto (collectively, the "Chapter 11 Documents"); and it is further

**RESOLVED**, that any of the Authorized Officers, who may act without the joinder of any of the other officer or manager of the Company, is hereby authorized to execute and deliver the Chapter 11 Documents in the name and on behalf of the Company and otherwise to take all actions (including, without limitation, (i) negotiation, execution, delivery, and filing of any agreements, certificates, or other instruments or documents, (ii) the payment of any retainer or consideration for

2

any professional retained by the Company in the Chapter 11 Case, and (iii) the payment of expenses and taxes as any such Authorized Officer may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to be necessary, appropriate, or advisable) in order to commence and administer the Chapter 11 Case, and all acts of the Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

## II.    <u>Retention of Professionals</u>.

**RESOLVED**, each Member hereby approves and ratifies the employment by the Company of the law firm of Berger Singerman LLP ("<u>Berger Singerman</u>"), to represent the Company as its general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and all related matters, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers (defined herein) be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Berger Singerman;

**RESOLVED**, each Member hereby reapproves and reratifies the employment by the company of SOLIC Capital Advisors, LLC and SOLIC Capital, LLC (collectively, "<u>SOLIC</u>"), to provide the services of the Chief Restructuring Officer and certain other interim offices to represent the Company pursuant to the retention agreement dated November 10, 2020, to provide the restructuring services detailed therein to the Company; and in connection therewith, the Authorized Officers (defined herein) be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of SOLIC; and it is further

**RESOLVED,** that the retention of Kurtzman Carson Consultants LLC pursuant to the retention agreement dated November 23, 2020, and the execution of any retention agreements, the payment of any retainers, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Officers, and each of them hereby is, authorized and directed to immediately upon and after the filing of the Chapter 11 Case execute and cause to be filed an application for authority to retain Kurtzman Carson Consultants LLC as the Company's notice and claims agent; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Officers

acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of such firms.

### III.   Debtor-in Possession Financing

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company (A) to obtain post-petition financing according to the terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, and (B) to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

**RESOLVED**, that the form, terms, and provisions of the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), and the Company's incurrence and performance of its obligations under the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), including any borrowings thereunder, granting of liens on, or security interests in, all or any portion of the Company's assets as provided therein, and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects authorized and approved; and further resolved, that each of the Authorized Officers be, and hereby is, authorized and empowered to executed and deliver, and to cause the Company to incur and perform its obligations under the DIP Facility and the DIP Credit Agreement and each of the agreements, documents, and instruments contemplated by any of the foregoing or requested by the DIP Facility lenders in connection with any of the DIP Facility (together with the DIP Credit Agreement, the "DIP Facility Documents"), and each of the documents and instruments contemplated thereby, in the name and on behalf of the Company under its seal or otherwise, substantially in the forms presented to the Members, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof; and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, extensions, replacements, consolidations, substitutions, and extensions of the DIP Facility and the DIP Facility Documents that shall in their sole judgment be necessary, proper or advisable; and it is further

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and any of the other DIP Facility Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

## IV.    General Authorizations and Ratifications.

**RESOLVED**, that the Authorized Officers be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to (i) take such further actions and execute and deliver or cause to be executed and delivered, where necessary or appropriate, file (or cause to be filed) with the appropriate governmental authorities all such other certificates, instruments, guaranties, notices and documents as may be required or as such Authorized Officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (ii) perform the obligations of the Company under the Bankruptcy Code, the DIP Facility, the DIP Credit Agreement, and the other DIP Facility Documents, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such officer and by the Company, and (iii) incur and pay such fees, expenses and other amounts as in his, her or their judgment shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of each of the foregoing resolutions; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to adopt resolutions and otherwise exercise the rights and powers of the Company as such Authorized Officer may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the Company; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects, confirmed, ratified and approved; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any director, officer or equity holder of the Company or any of the professionals in connection with the reorganization or liquidation of the Company or any matter related thereto, or by virtue of these resolutions be, and they hereby are, in all respects, ratified, confirmed and approved; and it is further

**RESOLVED**, that these resolutions and actions shall be the actions of the Members, and the Chief Executive Officer of the Company is hereby directed to place the Minutes of the Members with the records of the proceedings of the Members; and it is further

**RESOLVED**, that the Chief Executive Officer of the Company is hereby authorized to join the execution of, or attest and/or affix the corporate seal of the Company to any documents, agreement or instrument executed by the Authorized Officers of the Company on behalf of the Company in furtherance of the foregoing resolutions.

*Signatures on following page.*

**IN WITNESS WHEREOF**, the undersigned, in their capacity as all of the Members Tamarac 10200, LLC, have executed and delivered this Written Consent for the purpose of giving their consent hereto as of the date written below.

<u>**MEMBERS**</u>

NHTV ULM HOLDINGS LLC
(acting on behalf of Raimundo J. Santamarta by means of proxy)

By:  North Haven Tactical Value Fund LP, its member

By:  MS Tactical Value Fund GP LP, its general partner

By:  MS Tactical Value Fund GP Inc., its general partner

By:_____
     Name: Frederik Wijsenbeek
     Title: Executive Director
Date: ___December 6___, 2020


NHTV ULM HOLDINGS LLC
(acting on behalf of International Supply Group Corp. by means of proxy)

By:  North Haven Tactical Value Fund LP, its member

By:  MS Tactical Value Fund GP LP, its general partner

By:  MS Tactical Value Fund GP Inc., its general partner

By:_____
     Name: Frederik Wijsenbeek
     Title: Executive Director
Date: ___December 6___, 2020