UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

TAMARAC 10200, LLC and                   Case No. _____
UNIPHARMA, LLC,                          Case No. _____

        Debtors[1].                      Chapter 11 Cases
                                         (Joint Administration Pending)

_____/

**DEBTORS' EMERGENCY MOTION FOR AUTHORIZATION TO (I) CONTINUE
TO ADMINISTER INSURANCE POLICIES AND RELATED AGREEMENTS
AND (II) HONOR CERTAIN OBLIGATIONS IN RESPECT THEREOF**
**(Emergency Hearing Requested)**

**Statement of Exigent Circumstances**

The Debtors respectfully request that the Court conduct an emergency hearing on
this Motion.  In the operation of their business, the Debtors maintain many
insurance policies.  By this Motion, the Debtors seek authority to continue to
administer these insurance policies and agreements relating thereto, and, in their
discretion, to honor certain obligations in respect thereof. The Debtors
reasonably believe that a hearing to consider the relief requested must be held on
an emergency basis as soon as the Court's calendar will permit.  The Debtors
respectfully request that the Court waive the provisions of Local Rule 9075-1(B)
which requires an affirmative statement that a bona fide effort was made in order
to resolve the issues raised in this motion, as the relief requested herein is urgent
in nature and does not lend itself to advance resolution.

Tamarac 10200, LLC ("Tamarac") and Unipharma, LLC ("Unipharma", and together

with Tamarac, collectively, the "Debtors")ˑ by and through their proposed undersigned counsel,

pursuant to 11 U.S.C. §§ 105(a) and 363(c), file this *Emergency Motion for Authorization to (I)*

*Continue to Administer Insurance Policies and Related Agreements; and (II) Honor Certain*

*Obligations in Respect Thereof* (the "Motion").    The Motion seeks entry of an order,

substantially in the form attached hereto, authorizing the Debtors to continue administering

_____

[1] The last four digits of each Debtor's federal tax identification number are Tamarac 10200, LLC (2050) and
Unipharma, LLC (8962).  The address of the Debtors is 10200 N.W. 67th Street, Tamarac, FL 33321.

10134104-4

insurance policies and agreements relating thereto, and pay certain claims, in the Debtors' discretion, to the extent they become due and payable during the pendency of the Debtors' chapter 11 cases.  In support of this Motion, the Debtors rely upon the *Declaration of Neil F. Luria in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which has been filed with the Court on the date hereof and is incorporated herein and respectfully represents as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a), 363(c) and 507(a)(5) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6003 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1(F).

## Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their affairs as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

10134104-4

## Summary of Insurance Policies

**A.    Lockton Companies – Commercial Insurance Broker**

7.    Recently retained Lockton Companies ("Lockton") serves as the Debtors' commercial insurance broker, procuring the policies and providing related assistance with regard to all of the insurance policies listed on attached **Exhibit "A."**  As more specifically indicated below, the Debtors paid Lockton, the prior broker or the insurance carrier directly for the policy premiums. In exchange for its services, Lockton or the prior broker received commissions on each policy written.

**B.    Workers Compensation/Employers Liability Insurance**

8.    As reflected in the *Debtor's Emergency Motion For Order (I) Authorizing Debtors to Pay (A) Certain Prepetition Employee Obligations and (B) Prepetition Withholding Obligations, (II) Authorizing the Debtors to Maintain Employee Benefit Programs, And (III) Directing Banks to Honor Related Prepetition Transfers* (the "Employee Wage/Benefits Motion"), which is filed simultaneously with this Motion, Federal Insurance Company (Chubb) administers Employment Practices Liability Insurance ("EPLI"), Policy No. 8255-1301. As further reflected in the Employee Wage/Benefits Motion, ADP handles payroll for Unipharma. In exchange for handling payroll and benefits for Unipharma's employees,[2] Unipharma pays ADP $6.76 per employee per payroll, $10.00 per Reverse Wire of Funds Fee, Labor Law posters (One in English and One in Spanish) $3.10 each per pay period, rental of InTouch Proximity Time Clock and three (3) Biometric Finger Scan of approximately $406.61 per pay period. The auditable workers' compensation coverage is provided by AmTrust North America ("AmTrust"), Policy No. AWC1133808.

---

[2] Tamarac has no employees.

10134104-4

9.    The workers compensation coverage, in the amount of $100,000 for each accident, $500,000 for each disease, was in effect in the location at which Unipharma maintains employees as of the Petition Date - 10200 N.W. 67th Street, Tamarac, FL 33321 (the "Property"); the term of all coverages is August 8, 2020 through August 8, 2021. The $4,170 premium for Unipharma's workers compensation Policy has been paid in full.

10.    The limit of liability for Unipharma's EPLI coverage is $1 million per claim (and $1 million for third-party liability), subject to a $10,000 deductible, and the term of the EPLI is September 5, 2020 through September 5, 2021. The $5,696 premium for this policy has been paid in full.[3]

11.    The Employee Wage/Benefits Motion seeks the Court's authority for ADP to continue to administer Unipharma's payroll and benefits in the ordinary course and for Unipharma to honor and pay all prepetition and post-petition fees, costs, and other obligations to ADP for its services in the ordinary course of business. By way of this Motion, the Debtors seek the same relief because the workers compensation and EPLI policies and other coverages are also considered to be commercial insurance policies, and for Lockton to be paid for any prepetition and post- petition fees, costs or other obligations to administer all coverages in the ordinary course.

C.    **Commercial Property Insurance – Unipharma**

12.    Unipharma maintains a Commercial Property Insurance Policy with Federal Insurance Company (Chubb), Policy No. 3602-85-21, which provides coverage related to the Property. The Commercial Property Insurance Policy was in effect as of the Petition Date and is

---

[3] AmTrust is requesting that Unipharma perform certain analyses relating to coverage which will likely result in the workers' compensation policy, which expires on August 8, 2021, being rewritten with different terms. This is an ongoing process and the relief sought herein includes authority to maintain this policy, including payment of additional premiums, if any, beyond that listed above, as it will or may be rewritten.

listed on the attached **Exhibit "A."** The Commercial Property Insurance Policy provides coverage for, among other things, the Property, personal property located within the Property, business income, machinery breakdown, flood, and windstorm. The term of the Commercial Property Insurance Policy is October 1, 2020 through October 1, 2021 and the annual premium is $239,996, inclusive of taxes and surcharges. This premium has been paid in full.

**D.     Commercial Property and Liability Insurance – Tamarac**

13.     Tamarac maintains a Commercial Property and Liability Insurance Policy with Federal Insurance Company (Chubb), Policy No. 36058610 regarding the Property. The Commercial Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."** The Commercial Property Liability Insurance Policy provides coverage for, among other things, the Property, personal property located within the Property, business income, machinery breakdown, flood, and windstorm. The term of the Property and Liability Insurance policy is September 28, 2020 through September 28, 2021 and the annual premium is $141,846, inclusive of taxes and surcharges. This premium has been paid in full.

**E.     General Liability Insurance Policy - Unipharma**

14.     Unipharma maintains a General Liability Insurance Policy with Federal Insurance Company (Chubb), Policy No. 3605-13-20. The General Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."** The General Liability Insurance Policy provides coverage for, among other things, personal and advertising injury, damages to the Property and employee benefits. The term of the General Liability Insurance policy is November 6, 2019 through January 1, 2021, and the total premium is $16,011, inclusive of taxes and surcharges. The premium has been paid in full.

F.    **General Liability Insurance Policy – Tamarac**

15.    Tamarac maintains a General Liability Insurance Policy with Federal Insurance Company (Chubb), Policy No. 3605-86-10. The General Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."**  The General Liability Insurance Policy provides coverage for, among other things, personal and advertising injury, damages to the Property and employee benefits. The term of the General Liability Insurance policy is November 14, 2020 through September 28, 2021, and the annual premium is approximately $7,899, inclusive of taxes and surcharges. This estimated premium remains due and owing.

G.    **Products Liability Insurance Policy**

16.    Unipharma maintains a Products Liability Insurance Policy with the Chubb Group of Insurance Companies, Policy No. 3605-12-19. The Products Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."**  The Products Liability Insurance Policy provides coverage for, among other things, for bodily injury and property damage from products and completed operations. The term of the General Liability Insurance policy is November 6, 2019 through January 1, 2021, and the total premium is $49,808, inclusive of taxes and surcharges. This premium has been paid in full.

H.    **Commercial Automobile Liability Insurance**

17.    Unipharma maintains a Commercial Automobile Liability Insurance Policy with Great Northern Insurance Company, Policy No. (20)7360-64-02. The Commercial Automobile Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."**  The Commercial Automobile Liability Insurance Policy provides coverage for personal injury and physical damage arising from the use of motor vehicles. The term of the

10134104-4

Commercial Automobile Liability Insurance Policy is November 6, 2020 through January 1, 2021 and the estimated annual premium for the Automobile Liability Insurance Policy totals $4,000. Approximately $4,000 remains due and owing for the premium.

**I.      Product Recall Liability Insurance**

18.      Unipharma maintains a Product Recall Liability Insurance Policy with Westchester Surplus Lines Insurance Company (Chubb), Policy No. G7174453A-002. The Product Recall Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."** The Product Recall Liability Insurance Policy provides coverage for any product recalls. The term of the Product Recall Liability Insurance Policy is October 1, 2020 through October 1, 2021 and the annual premium totals $34,650. This premium has been paid in full.

**J.      Cargo Liability Insurance**

19.      Unipharma maintains a Cargo Liability Insurance Policy with Navigators Lines Insurance Company, Policy No. IS20CARZ03FM901. The Cargo Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."** The Cargo Liability Insurance Policy provides coverage for any shipping-related events. The term of the Cargo Liability Insurance Policy is October 24, 2020 through October 24, 2021 and the annual premium totals $30,200. This premium has been paid in full.

**K.      Cyber Liability Insurance**

20.      Unipharma maintains a Cyber Liability Insurance Policy with North American Capacity Insurance Company, Policy No. C-4LKR-04429-CYBER-20204LKR-04429-CYBER-2020. The Cyber Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."** The Cyber Liability Insurance Policy provides coverage for cyber

10134104-4

incidents, business interruption and extra expenses, digital data recovery and network extortion. The term of the Cyber Liability Insurance Policy is November 3, 2020 to November 3, 2021. The annual premium totals $11,325. This estimated premium has been paid in full.

**L.      Private Management Liability Insurance**

21.      Unipharma maintains a Private Management Liability Insurance Policy with Scottsdale Indemnity Company, Policy No. EK-13351396. The Private Management Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."** The Private Management Liability Insurance Policy provides coverage for omissions, errors, misstatements, neglect or breach of duty (D&O), wrongful acts pertaining to employment and work environment (employment practices). The term of the Private Management Liability Insurance Policy is October 18, 2020 to October 18, 2021.  The annual premium totals $89,057. This premium has been paid in full.

**M.      Excess Private Management Liability Insurance**

22.      Unipharma maintains an Excess Private Management Liability Insurance Policy with Scottsdale Indemnity Company, Policy No. ANV-147983A. The Excess Private Management Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."**  The Excess Private Management Liability Insurance Policy provides excess coverage for omissions, errors, misstatements, neglect or breach of duty (D&O), wrongful acts pertaining to employment and work environment (employment practices) beyond that provided in the Private Management Liability Insurance Policy with Scottsdale Indemnity Company, Policy No. EK-13351396, ¶20, above. The term of the Private Management Liability Insurance Policy is October 18, 2020 to October 18, 2021.  The annual premium totals $57,750. This premium has been paid in full.

8

**N.      Crime Liability Insurance**

23.      Unipharma maintains a Crime Liability Insurance Policy with Hiscox Insurance Company, Policy No. UC24625111.20. The Crime Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."**  The Crime Liability Insurance Policy provides coverage for employee theft and third party's property. The term of the Crime Liability Insurance Policy is October 18, 2020 to October 18, 2021.  The annual premium totals $6,672. This premium has been paid in full.

**O.      Run Off D&O & Entity Liability Employment Practices Liability Insurance**

24.      Unipharma maintains a D&O & Entity Liability Employment Practices Liability Insurance Policy with Federal Insurance Company, Policy No. 8621-1855. The D&O & Entity Liability Employment Practices Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."**  The D&O & Entity Liability Employment Practices Liability Insurance Policy provides run off coverage for omissions, errors, misstatements, neglect or breach of duty (D&O), wrongful acts pertaining to employment and work environment (employment practices) directors and officers and employment practices, and wrongful acts or breaches of duties relating to a pension benefit or welfare benefit plan (fiduciary liability) for pending or prior proceedings date of October 18, 2020.  The term of the D&O & Entity Liability Employment Practices Liability Insurance Policy is October 18, 2020 to October 18, 2026. The annual premium totals $34,995. This premium has been paid in full.

**P.      Flood Liability Insurance – Unipharma**

25.      Unipharma maintains a Flood Liability Insurance Policy, No. 87059697482019, with Capital Preferred Insurance. The Flood Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."**  The Flood Liability Insurance Policy

provides flood coverage regarding the Property. The term of the Flood Liability Insurance Policy is October 5, 2020 to October 5, 2021. The annual premium totals $1,055. This premium has been paid in full.

**Q.**    **Flood Liability Insurance – Tamarac**

26.    Tamarac maintains a Flood Liability Insurance Policy, No. 09-1151902239-01, with Wright National Flood Insurance Company. The Flood Liability Insurance Policy was in effect as of the Petition Date and is listed on the attached **Exhibit "A."**  The Flood Liability Insurance Policy provides flood coverage regarding the Property. The term of the Flood Liability Insurance Policy is November 16, 2020 to November 16, 2021. The annual premium totals $925. This premium has been paid in full.

<u>**Relief Requested and Basis Therefor**</u>

27.    The Debtors seek authority, in their reasonable business judgment, to (i) continue to administer the insurance policies described herein (collectively, the "Insurance Policies"); and (ii) continue to pay certain claims, deductibles and/or premiums if and to the extent any may become due and payable according to the terms of the Insurance Policies.  The Debtors further request authority to pay certain amounts as they come due under the Insurance Policies in the ordinary course of its business, if and to the extent such amounts become due.  For the reasons set forth below, the Debtors believe that the relief requested is necessary and appropriate under the circumstances.

28.    Section 105(a) of the Bankruptcy Code provides, in relevant part:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a).

10

29.     Section 363(c) of the Bankruptcy Code provides, in relevant part:

If the business of the debtor is authorized to be operated under section...1108... of this title [title 11] and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c).

30.     It is essential for the Debtors to maintain the Insurance Policies, which provide a comprehensive range of coverage for the Debtors.  If the Insurance Policies are allowed to lapse, the Debtors will be exposed to substantial liability for any damages resulting to persons or property of the Debtors and others, and the Debtors would have to bear the costs and expenses of defense litigation.  Moreover, maintenance of the Insurance Policies is mandatory under the United States Trustee guidelines and various state and federal laws.

31.     The Debtors' continued operations and sale efforts require that the Insurance Policies be maintained on an ongoing and uninterrupted basis.  In maintaining those obligations, it is crucial that the administrative fees paid to providers and the premiums paid for the Insurance Policies, to the extent applicable, are continued and maintained by the Debtors.  For example, the risk that eligible claimants will not receive payments with respect to employment-related injuries may have a devastating effect on the financial well-being and morale of the employees, and their willingness to remain in the Debtors' employ.  Departures by employees at this critical time may result in a severe disruption of the Debtors' businesses to the detriment of all parties in interest.

32.     For all the reasons stated in this Motion, maintenance of the Insurance Policies, payment of all premiums and other amounts due, if and to the extent such payments are due from the Debtors, and continuance of the various administration programs serve the best interests of the Debtors' bankruptcy estates and is required by the United States Trustee's guidelines, Item

11

No. 5 (*Proof of Insurance*) and federal and/or state law as a condition of operations. Consequently, the Court should approve the relief requested in this Motion, which relief has been granted in other chapter 11 cases in this District.  *See, e.g., In re Ruden McClosky, P.A.*, Case No. 11-40603 (RBR) (Bankr. S.D. Fla. Dec. 5, 2011) (Ray, J.); *In re Maguire Group Holdings, Inc. et al.,* Case No. 11-39347 (RAM) (Bankr. S.D. Fla. Nov. 30, 2011) (Mark, J.); *In re HearUSA, Inc.,* Case No. 11-23341 (EPK) (Bankr. S.D. Fla. May 20, 2011) (Kimball, J.); *In re Gulfstream Intern. Group, Inc., et al.,* Case No. 10-44131 (JKO) (Bankr. S.D. Fla. Nov. 8, 2010) (Olson, J.); *In re DM Indus., Ltd.*, Case No. 09-15533 (LMI) (Bankr. S.D. Fla. April 10, 2009) (Isicoff, J.).

### Expedited Consideration and Waiver of any Applicable Stay

33.     The Debtors respectfully request expedited consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a Chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm.  Here, the Debtors believe an immediate and orderly transition into Chapter 11 is critical to the viability of its operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these Chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an expedited basis.

34.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a)

and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Reservation of Rights**

35.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**WHEREFORE**, the Debtors respectfully request that the Court hear this Motion on an emergency basis and enter an order in the form attached hereto as **Exhibit "B**," (i) granting the relief requested in this Motion, and (ii) granting such other relief as the Court deems just and proper.

Dated:  December 7, 2020              Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for Debtors in Possession*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
By:    /s/ *Christopher Andrew Jarvinen*
      Paul Steven Singerman
      Florida Bar No. 0378860
      singerman@bergersingerman.com
      Christopher Andrew Jarvinen
      Florida Bar No. 21745
      cjarvinen@bergersingerman.com

13

**EXHIBIT "A"**
**(LIST OF INSURANCE POLICIES)**

10134104-4

**EXHIBIT A**

## Unipharma, LLC
## Policy Digest 2020-21

| Insured/Coverage Line | Policy Number | Carrier | Limits | Deductible | Premium |
|---|---|---|---|---|---|
| Unipharma, LLC<br><br>PROPERTY<br>10/1/2020 - 10/1/2021 | 3605-85-21 | Federal Insurance Company (Chubb) | $34,700,000 - Building - Each Occurrence<br>$26,800,000 - Personal Property - Each Occurrence<br>$3,000,000 - Business Income - Each Occurrence<br>$1,000,000 - Flood*<br><br><br>*See policy for specific sublimits and deductibles | $10,000 - Building<br>$10,000 - Personal Property<br><br>$10,000 - Business Income<br>$500,000 - Flood* | $                239,996<br>Remaining balance: $0.00 |
| Unipharma, LLC<br><br>GENERAL LIABILITY<br><br>11/06/2019 - 01/01/2021 | 36051320 | Federal Insurance Company (Chubb) | $1,000,000 - Each Occurrence<br>$2,000,000 - General Aggregate<br>$1,000,000 - Personal & Advertising Injury<br>$1,000,000 - Damage to Premises rented to You<br><br>$10,000 - Medical Expense<br><br><br>**Employee Benefits Liability**<br>$1,000,000 - Each Employee<br>$1,000,000 - Aggregate | NA - Deductible<br><br><br><br><br><br><br>$1,000 - Deductible<br><br>Retroactive Date: 11/1/2018 | $                16,011<br>Remaining balance: $0.00 |
| Unipharma, LLC<br><br>PRODUCT LIABILITY<br><br>11/06/2019 - 01/01/2021 | 36051219 | Chubb Group of Insurance Companies | $10,000,000 - Each Occurrence<br><br>$100,000,000 - Products/Completed Operations Aggregate | $15,000 - Deductible<br><br><br><br><br><br>Retroactive Date: 3/15/2018 | $                49,808<br>Remaining balance: $0.00 |
| Unipharma, LLC<br>AUTO<br>11/06/2020 - 11/06/2021 | (20)7360-64-02 | Great Northern Insurance Co. (Chubb) | $1,000,000 - Liability | $1,000 - Comprehensive<br>$1,000 - Collision | $                 4,000<br>Estimated remaining balance: $4,000 |
| Unipharma, LLC<br>WORKERS COMPENSATION<br>08/08/2020 - 08/08/2021 | AWC1133808 | AmTrust North America | WC - Statutory<br>$100,000 - Bodily Injury by Accident<br>$500,000 - Bodily Injury by Disease, Each Employee<br>$100,000 - Bodily Injury by Disease, Policy Limit | NA - Deductible<br><br>Total Payroll - $2,368,637 | $                 4,170<br>Remaining balance: $0.00 |
| Unipharma, LLC<br><br>PRODUCT RECALL<br>10/1/2020 - 10/1/2021 | G7174453A 002 | Westchester Surplus Lines Insurance Co. (Chubb) | $1,000,000 - Each Insured Event<br>$1,000,000 - Aggregate | $50,000 - Self Insured Retention | $                34,650<br>Remaining balance: $0.00 |
| Unipharma, LLC<br><br>CARGO<br><br>10/24/2020 - 10/24/2021 | IS20CARZ03FM901 | Navigators Insurance Company, Inc. | $250,000 - Vessel and connecting conveyances<br>$250,000 - Aircraft<br>$250,000 - Domestic truck, trailer or rail car<br><br>$1,000 - Packaged shipped by mail or parcel post | $2,500 - Deductible<br>$5,000 - Storage<br>$100,000 - for perils of Quake, windstorm, tornado and flood | $                30,200<br>Remaining balance: $0.00 |
| Unipharma, LLC<br><br>CYBER<br>11/3/2020 - 11/3/2021 | C-4LRK-04429-CYBER-2020 | North American Capacity Insurance Company | $5,000,000 Network & Information Security -3rd Party<br>$5,000,000 Regulatory Defense & Penalties-3rd Party<br>$5,000,000 Multimedia Content Liability-3rd Party<br>$5,000,000 PCI Fines & Acessments-3rd Party<br>$5,000,000 Breach Response-1st Party<br>$5,000,000 Crisis Mgmt & Public Relations-1st Party<br>$5,000,000 Cyber Extortion-1st Party<br>$5,000,000 Business Interruption & Extra Exp.-1st Party<br>$5,000,000 Digital Asset Restoration-1st Party<br>$500,000 Funds Transfer Fraud-1st Party<br>$5,000,000 Affreatic Policy Limit of Liability | $10,000 - Deductible<br>$10,000 - Deductible<br>$10,000 - Deductible<br>$10,000 - Deductible<br>$10,000 - Deductible<br>$10,000 - Deductible<br>$10,000 - Deductible<br>$10,000 - Deductible<br>$10,000 - Deductible<br>$25,000 - Deductible | $                11,325<br>Remaining balance: $0.00 |
| Unipharma, LLC<br><br>EMPLOYMENT PRACTICES LIABILITY<br>09/05/2020 - 09/05/2021 | 8255-1301 | Federal Insurance Company (Chubb) | $1,000,000 - Employment Practices Liability<br>$1,000,000 - Third Party Liability | $10,000 - Deductible<br>$10,000 - Deductible<br><br><br>Retroactive Date: 09/05/2017 | $                 5,696<br>Remaining balance: $0.00 |
| Unipharma, LLC<br>PRIVATE MANAGEMENT LIABILITY FULL PROGRAM<br><br>10/18/2020-10/18/2021 | EK13351396 | Scottsdale Indemnity Company | $3,000,000 - Employment Practices - Aggregate<br>$5,000,000 - Directors and Officers - Aggregate | $25,000 - Deductible<br>$50,000 - Deductible | $                89,057<br>Remaining balance: $0.00 |

**EXHIBIT A**

| Policy | Policy Number | Insurance Company | Limits | Deductible | Balance |
|---|---|---|---|---|---|
| Unipharma, LLC<br>EXCESS PRIVATE MANAGEMENT LIABILITY<br>10/18/2018-10/18/2021 | ANV147983A | Republic-Vanguard Insurance Company | $5,000,000 - Directors and Officers - Aggregate | | $ 57,750<br>Remaining balance: $0.00 |
| Unipharma, LLC<br>CRIME<br>10/18/2020-10/18/2021 | UC24625111.20 | Hiscox Insurance Company, Inc. | $1,000,000 - Employee Theft<br>$1,000,000 - Third Parts' Property<br><br>*See policy for specific sublimits and deductibles | $10,000 - Deductible<br>$10,000 - Deductible | $ 6,672<br>Remaining balance: $0.00 |
| Unipharma, LLC<br>D&O & ENTITY LIABILITY<br>EMPLOYMENT PRACTICIES LIABILITY<br>FIDUCIARY LIABILITY<br>10/18/2018-10/18/2026 | 8261-1855 | Federal Insurance Company (Chubb) | $3,000,000 - Directors and Officers - Aggregate<br>$1,000,000 - Employment Practices - Aggregate<br>$1,000,000 - Fiduciary Liability - Aggregate<br><br>*See policy for specific sublimits and deductibles | $25,000 - Deductible<br>$10,000 - Deductible<br><br>NA - Deductible | $ 34,995<br>Remaining balance: $0.00 |
| Unipharma, LLC<br>FLOOD<br>10/5/2020-10/5/2021 | 87059697482019 | Capital Preferred Insurance Company | | | $ 1,055<br>Remaining balance: $0.00 |
| Unipharma, LLC<br>KEY MAN LIFE AND DISABILITY INSURANCE<br>Covers both Raimundo & Reinaldo Santamarta<br>12/15/2019-12/15/2020 | BO621FUNIP000419 | Lloyd's of London | | | $ 49,500<br>Remaining balance: $0.00 |
| Unipharma, LLC<br>PERSONAL UMBRELLA REINALDO J. SANTAMARTA<br>5/10/2020 - 5/10/2021 | 67211339-1 | Progressive American Insurance Company | | | $ 1,086<br>Remaining balance: $0.00 |
| Tamarac 10200, LLC<br>PROPERTY<br>09/28/2020 - 09/28/2021 | 36058610 | Federal Insurance Company (Chubb) | $30,000,000 - Building - Each Occurrence<br>$500,000 - Personal Property - Each Occurrence | $10,000 - Building<br>$10,000 - Personal Property | $ 141,846<br>Remaining balance: $0.00 |
| Tamarac 10200, LLC<br>FLOOD<br>11/16/2020-11/16/2021 | 09 115190223 01 | Wright National Flood Insurance Company | | | $ 925<br>Remaining balance: $0.00 |
| Tamarac 10200, LLC<br>GENERAL LIABILITY<br>11/14/2020-09/28/2021 | 36058610 | Federal Insurance Company (Chubb) | $1,000,000 - Each Occurrence<br>$2,000,000 - General Aggregate<br>$1,000,000 - Personal & Advertising Injury<br>$1,000,000 - Damage to Premises rented to You<br>$10,000 - Medical Expense | NA - Deductible | $ 7,899<br>Estimated remaining balance: $7,899.00 |

**EXHIBIT "B"**
**(PROPOSED ORDER)**

10134104-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

TAMARAC 10200, LLC and                              Case No. _____
UNIPHARMA, LLC,                                     Case No. _____

       Debtors[1].                                  Chapter 11 Cases
                                                    (Joint Administration Pending)

_____/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR
AUTHORIZATION TO (I) CONTINUE TO ADMINISTER INSURANCE
POLICIES AND RELATED AGREEMENTS; AND (II) HONOR
CERTAIN OBLIGATIONS IN RESPECT THEREOF**

       **THIS MATTER** having come before the Court for a hearing on December ___, 2020 at

_____ a.m./p.m. in Fort Lauderdale, Florida upon the *Debtors' Emergency Motion for*

*Authorization to (I) Continue to Administer Insurance Policies and Related Agreements; and (II)*

*Honor Certain Obligations in Respect Thereof* [ECF No. _____] (the "Motion") filed by the

above-captioned debtors-in-possession (the "Debtors").    The Court finds that: (i) it has

_____

[1] The last four digits of each Debtor's federal tax identification number are Tamarac 10200, LLC (2050) and Unipharma, LLC (8962).  The address of the Debtors is 10200 N.W. 67th Street, Tamarac, FL 33321.

10134105-3

jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration[2] and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED** as follows:

1.      The Motion is **GRANTED** effective as of the Petition Date.

2.      The Debtors may, in their reasonable business judgment, continue to administer and maintain the Insurance Policies (as described in **Exhibit "A"** to the Motion) post-petition in the ordinary course of their business, including obligations for the payment of (i) premiums, if any; and (ii) certain claims or deductibles if and to the extent they may become due and payable according to the terms of the Insurance Policies.

3.      The Debtors are authorized, but not directed, to pay any outstanding premiums as of the Petition Date to the extent set forth on Exhibit A with respect to any of the Insurance Policies.

4.      To the extent that the Insurance Policies may be deemed executory contracts to which the Debtors are a party, entry of this Order shall not constitute an assumption of those Insurance Policies pursuant to 11 U.S.C. § 365(a).

---

[2]   Capitalized terms used herein shall have the meanings ascribed to them in the Motion.

10134105-3

5.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

6.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' right to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

7.      The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to pre-petition amounts owed in connection with any Insurance Policies.

8.      Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final order entered by the Court approving the Debtors' entry into any post-petition debtor in possession financing facility (the "DIP Financing Order"). To the extent that there is any inconsistency between the terms of this Order and the DIP Financing Order, the terms of the DIP Financing Order shall control.

9.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

3

10134105-3

10.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

11.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

#    #    #

Submitted by:
Christopher Andrew Jarvinen, Esq.
cjarvinen@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

*(Christopher Andrew Jarvinen, Esq. is directed to serve a copy of this order on interested parties and file with the Court a certificate of service.)*

4

10134105-3