UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

TAMARAC 10200, LLC and                      Case No. 20-bk-23346-PDR
UNIPHARMA, LLC,                             Case No. 20-bk-23348-PDR

          Debtors[1].                       Chapter 11 Cases
                                            (Jointly Administered)

_____/

**DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING**
**RETENTION AND EMPLOYMENT OF PROFESSIONALS UTILIZED IN THE**
**ORDINARY COURSE OF BUSINESS, EFFECTIVE AS OF THE PETITION DATE**
(Hearing Requested on December 30, 2020 at 10:00 a.m.[2])

Tamarac 10200, LLC ("Tamarac") and Unipharma, LLC ("Unipharma", and together

with Tamarac, collectively, the "Debtors") by and through undersigned counsel, file this motion

seeking entry of an order authorizing the Debtors to retain and compensate certain professionals

utilized in the ordinary course of the Debtors' businesses, effective as of the Petition Date.  In

support of this Motion, the Debtors rely upon the *Declaration of Neil F. Luria in Support of*

*Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition

Date and respectfully represent as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]  The last four digits of each Debtor's federal tax identification number are Tamarac 10200, LLC (2050) and
Unipharma, LLC (8962).  The address of the Debtors is 10200 N.W. 67th Street, Tamarac, FL 33321. The
[2]  The Debtors respectfully request that the Court set this Motion for hearing on December 30, 2020 at 10:00 a.m.
when other matters in their chapter 11 cases are being heard.

4.      The statutory predicates for the relief requested herein are sections 105(a), 363 and 521 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007(c) and 2015.3(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

5.      On December 7, 2020, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.      The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

### Relief Requested

8.      By this Motion, the Debtors seek entry of the order, substantially in the form attached hereto as **Exhibit "B"** (a) authorizing the Debtors to continue to retain and compensate Ordinary Course Professionals (as defined below) on a postpetition basis in accordance with the Compensation Procedures (as defined below), without the need for each Ordinary Course Professional to file formal applications for retention and compensation pursuant to section 327, 328, 330 and 331 of the Bankruptcy Code and (b) granting related relief.

### Ordinary Course Professionals

9.      Prior to the Petition Date, the Debtors customarily engaged various professionals to represent the Debtors in matters arising in the ordinary course of business (collectively, the "Ordinary Course Professionals"). Specifically, the Debtors employed Ordinary Course Professionals to render pre-petition services relating to general corporate matters. The Debtors will continue to require the services of the Ordinary Course Professionals while operating as

debtors-in-possession and restructuring their financial affairs. A list of the Ordinary Course Professionals utilized by the Debtors that is the subject of this Motion is attached hereto as **Exhibit "A."**  At present, as reflected in **Exhibit "A,"**  the services of only 1 Ordinary Course Professional are necessary; however, authorizing the retention of Ordinary Course Professionals will allow the Debtors to retain additional Ordinary Course Professionals if and when their services needed during their Chapter 11 bankruptcy cases.

10.    Ordinary Course Professionals are distinct from those professionals who are tasked specifically with assisting the Debtors with their Chapter 11 bankruptcy cases (for whom the Debtors obtain authority to employ through separate application to this Court).

11.    The uninterrupted service of the Ordinary Course Professionals is critical to the Debtors' ability to continue operations and restructure their financial affairs. The Debtors desire to continue to employ and retain Ordinary Course Professionals to render services to their estates that are similar to those rendered prior to the commencement of these Chapter 11 cases. Although the Debtors anticipate that Ordinary Course Professionals will wish to continue to represent the Debtors on an ongoing basis, Ordinary Course Professionals may not be in a position to do so if the Debtors cannot pay them on a regular basis.  The Debtors' estates and their creditors are best served by avoiding any disruption in the services that are required for the day-to-day operations of the Debtors. The Debtors submit that it would be impractical, inefficient and costly for the Debtors and their restructuring counsel to prepare and submit individual applications and proposed retention orders for each Ordinary Course Professional.

12.    Although some of the Ordinary Course Professionals may hold relatively small unsecured claims against the Debtors in connection with services rendered to the Debtors pre-petition, the Debtors do not believe that any Ordinary Course Professional has an interest

materially adverse to the Debtors, their creditors or other parties in interest. The Ordinary Course Professionals will assist with the Debtors' ongoing professional matters as identified in paragraph 8 above and will not be involved with the administration of the Chapter 11 cases. Thus, the Debtors believe that the Ordinary Course Professionals do not constitute "professional persons" within the meaning of section 327 of the Bankruptcy Code. Nonetheless, out of an abundance of caution, the Debtors are moving this Court for an order authorizing the retention of the Ordinary Course Professionals.

13.     With respect to the Ordinary Course Professionals, the Debtors request that the Court dispense with the requirement of individual employment applications and retention orders, and that each Ordinary Course Professional be retained effective as of the Petition Date on terms substantially similar to those in effect prior to the Petition Date, but subject to the following terms and procedures (the "Compensation Procedures"):[3]

   a.     The Debtors shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements to each of the Ordinary Course Professionals retained by the Debtors upon (i) each Ordinary Course Professional's submission of a Declaration of Disinterestedness (as defined below) and (ii) upon the Debtors' submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date, in accordance with the respective professional's retention agreement; provided, however, that each Ordinary Course Professional's fees, excluding costs and disbursements, do not exceed $25,000 per month while these Chapter 11 cases are pending.

   b.     Any payments to an Ordinary Course Professional in excess of the fee cap set forth in clause (a) above shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of Florida (the "Local Rules"), the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court.

---

[3] The Debtors also propose to reserve the right to retain additional Ordinary Course Professionals from time to time during these cases, as the need arises, by filing a list or lists of such additional professionals with the Court and serving the same on the Notice Parties (defined herein).

c. No later than twenty (20) days after the entry of an order granting this motion, each Ordinary Course Professional on the list annexed hereto as **Exhibit "A"** shall file with the Court and serve upon (i) the Office of the United States Trustee, 51 S.W. 1st Avenue, Ste. 1204, Miami, FL 33130 (the "U.S. Trustee"); (ii) attorneys for the Debtors, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq., Email: singerman@bergersingerman.com and Christopher Andrew Jarvinen, Esq., Email: cjarvinen@bergersingerman.com); and (iii) attorneys for secured creditor, NHTV ULM Holdings LLC, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, N.Y. 10153 (Attn: Ray C. Shrock, P.C. (Ray.Schrock@weil.com and Alexander Welch, Esq. (Alexander.Welch@weil.com (together, the "Notice Parties") a declaration of disinterestedness (the "Declaration of Disinterestedness") substantially similar to the form annexed as **Exhibit "B"**.

d. The Notice Parties shall have ten (10) days after the service of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional. The objecting party shall serve any such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within ten (10) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized as a final matter to retain and pay such Ordinary Course Professional to whom an objection was not filed.

e. Beginning on April 1, 2021 and on the first day of each quarter thereafter in which these Chapter 11 cases are pending, the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during the immediately preceding three-month period. Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

f. The Debtors reserve the right to supplement the list of Ordinary Course Professionals as necessary to add or remove Ordinary Course Professionals from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention

applications for newly added Ordinary Course Professionals. In such event, the Debtors propose to file a notice with the Court listing the additional Ordinary Course Professionals that the Debtor intend to employ (the "<u>Ordinary Course Professional Notice</u>") and to serve notice on the Notice Parties. Additionally, each additional Ordinary Course Professional listed in the Ordinary Course Professional Notice shall serve a Declaration of Disinterestedness on the Notice Parties. If, within ten (10) days of service of the Declaration of Disinterestedness, no objections are filed to any such additional Ordinary Course Professional, then retention of the Ordinary Course Professionals shall be deemed approved by the Court without a hearing or further order.

14.     As set forth above, although certain of the Ordinary Course Professionals may hold pre-petition claims against the Debtors, the Debtors do not foresee that such claims will hinder the Ordinary Course Professionals from rendering services during the pendency of the Debtors' Chapter 11 cases. Moreover, to the extent that the Debtors seek authority to pay any amounts owing to the Ordinary Course Professionals on account of services rendered prior to the Petition Date, such relief will be subject of a separate motion.

## **<u>Applicable Authority</u>**

15.     In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g.*, *Comm. of Asbestos-Related Litigants* v. *Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[t]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtors' estate."); *In re Drexel Burnham Lambert Grp. Inc.*, 112 B.R. 584, 587 (Bankr. S.D.N.Y. 1990) (same). In making its determination as to whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, courts often consider the following factors:

a.    whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the Debtors' reorganization;

b.    whether the entity is involved in negotiating the terms of a plan of reorganization;

c.    whether the entity is directly related to the type of work carried out by the Debtors or to the routine maintenance of the Debtors' business operations;

d.    whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the Debtors' estates;

e.    the extent of the entity's involvement in the administration of the Debtors' estates; and

f.    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re ITG Vegas, Inc.*, No. 06–16350–BKC–PGH, 2007 WL 1087212, *1 (Bankr. S.D. Fla. April 3, 2007) (holding that political consultant was not a "professional person") (citing *In re First Merchs. Acceptance Corp.*, No. 97–1500 JJF, 1997 WL 873551, *2 (Bankr. D. Del. Dec. 15, 1997) ("The six-factor test … is designed to harmonize … limit[ing] the definition of professionals to those occupations that play a central part in the reorganization, with those cases that define a professional as an employee that is given discretion or autonomy in some part of the Debtors' estate."); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (only those professionals involved in the actual reorganization effort, rather than the Debtors' ongoing business, require approval under section 327); *see also In re That's Entm't Mktg. Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327).

16.    The foregoing factors must be considered in totality (*i.e.*, none of the factors alone is dispositive). *ITG Vegas, Inc.*, 2007 WL 1087212, *2 (weighing the above factors against one another and considering them in totality). Considering all of the factors, the Debtors do not

believe that the Ordinary Course Professionals are "professionals" within the meaning of section 327.  Specifically, the Ordinary Course Professionals will not be involved in the administration of the Debtors' Chapter 11 cases but, instead, will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals.   Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to establish clear mechanisms for retention and payment of Ordinary Course Professionals and thereby avoid any subsequent controversy with respect thereto.

17.    In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code. 11 U.S.C. § 1107(a). Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to "protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

18.     Furthermore, section 363 of the Bankruptcy Code allows a debtor to use property of the estate, including cash collateral, in the ordinary course of business after notice and a hearing. *Id.* § 363(c).

19.     The relief sought herein is not unusual considering the size and complexity of the Debtors' cases.  In fact, courts in this district and elsewhere have routinely granted the same or similar relief to chapter 11 Debtors in other chapter 11 cases. *See e.g., In re Krystal Company*, No. 20-61065-pwb (Bankr. N.D. Ga. Mar. 3, 2020); *In re Adinath Corp.*, No. 15-16885-LMI (Bankr. S.D. Fla. July 2, 2015); *In re Maguire Group Holdings, Inc., et al.*, No. 11-39347 (Bankr. S.D. Fla. Nov. 10, 2011); *In re Fiddler's Creek, LLC, et al.*, No. 9:10-bk-03846 (Bankr. M.D. Fla. May 5, 2010); *In re Dura Auto. Sys., Inc.,* No. 06-11202 (Bankr. D. Del. Nov. 20, 2006); *In re Calpine Corp.,* No. 05-60200 (Bankr. S.D.N.Y. Jan. 25, 2006.

20.     The Debtors and their estates would be well served by continued retention of the Ordinary Course Professionals because of their established relationships with the Debtors and understanding of the Debtors and their operations.

21.     In light of the fact that the Ordinary Course Professionals, will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each Ordinary Course Professional.  Therefore, the Debtors submit that it is in the best interests of all creditors and parties in interest to avoid any disruption in the professional services that are required for day-to-day operation of the Debtors' businesses by retaining any compensating the Ordinary Course Professionals in accordance with the Compensation Procedures.

22.     The Debtors submit that approval of the relief requested herein will not prejudice any of the parties in the Chapter 11 cases.  Pursuant to the Compensation Procedures, each of the Ordinary Course Professionals is required to submit a Declaration of Disinterestedness within 20 days of the entry of an order granting such relief.  All parties in interest then have an additional 10 days to object to the Ordinary Course Professionals' retention in this case.  As such, all parties in interest, including the Office of the United States Trustee, retain the right to further examine the appropriateness of the retention of each individual Ordinary Course Professional.

**WHEREFORE**, the Debtors request that the Court set this Motion for hearing on December 30, 2020 at 10:00 a.m. and enter an order in the form attached hereto as **Exhibit "C"** (i) authorizing the Debtors to retain and compensate the Ordinary Course Professionals pursuant to the terms and conditions set forth herein and pursuant to the Compensation Procedures, and (ii) granting such other and further relief as the Court deems just and proper.

Dated:   December 15, 2020                    Respectfully submitted,

                                             BERGER SINGERMAN LLP
                                             *Counsel for Debtors in Possession*
                                             1450 Brickell Avenue, Suite 1900
                                             Miami, FL 33131
                                             Telephone: (305) 755-9500
                                             Facsimile: (305) 714-4340

                                             By:  */s/ Paul A. Avron*
                                                    Paul Steven Singerman
                                                    Florida Bar No. 0378860
                                                    singerman@bergersingerman.com
                                                    Christopher Andrew Jarvinen
                                                    Florida Bar No. 21745
                                                    cjarvinen@bergersingerman.com
                                                    Paul A. Avron
                                                    Florida Bar No. 50814
                                                    pavron@bergersingerman.com

**EXHIBIT "A"**

**(LIST OF ORDINARY COURSE PROFESSIONALS)**

| Company | Contact Person | Type/Category |
|---|---|---|
| Paladin Management Group, LLC<br>633 W. 5th Street, 28th Floor<br>Los Angeles, FL  90071 | Scott Avila<br>(213) 320-5500 | Strategic Communications<br>Consulting Services |

## EXHIBIT "B"

**(Declaration of Disinterestedness)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

TAMARAC 10200, LLC and                     Case No. 20-bk-23346-PDR
UNIPHARMA, LLC,                            Case No. 20-bk-23348-PDR

      Debtors[1].                            Chapter 11 Cases
                                          (Jointly Administered)

_____/

## <u>DECLARATION OF DISINTERESTEDNESS</u>

**I, _____, declare under penalty of perjury:**

    1.     I am a **[position]** of **[Company]**, located at **[Street, City, State, Zip Code]** (the "Company").

    2.     The above-captioned Debtors and Debtors in possession (the "Debtors") have requested that the Company provide **[specific description]** services to the Debtors, and the Company has consented to provide such services.

    3.     The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

    4.     As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties-in-interest in these chapter 11 cases.

    5.     Neither I nor **[any principal, partners, director, officer, etc.]** of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

    6.     Neither I nor **[any principal, partner, director, officer, etc.]** of, or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any

---

[1] The last four digits of each Debtor's federal tax identification number are Tamarac 10200, LLC (2050) and Unipharma, LLC (8962). The address of the Debtors is 10200 N.W. 67th Street, Tamarac, FL 33321.

interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7.       The Debtors owe the Company **[$_____]** for pre-petition services, the payment of which is subject to limitations contained in United States Bankruptcy Code, 11 U.S.C. § 101, et seq.

8.       As of the Petition Date, the Company [was/was not] party to the agreement for indemnification of the Debtors.  **[A copy of such agreement is attached as Exhibit 1 to this Declaration]**.

9.       The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2020

_____
**[DECLARANT]**

2

**<u>EXHIBIT "C"</u>**

**(Proposed Form of Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

TAMARAC 10200, LLC and                    Case No. 20-bk-23346-PDR
UNIPHARMA, LLC,                           Case No. 20-bk-23346-PDR

    Debtors[1].                          Chapter 11 Cases
                                          (Jointly Administered)

_____/

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROFESSIONALS
UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

      **THIS MATTER** came before the Court in Fort Lauderdale, Florida for a hearing on

December ___, 2020 at _____ a.m./p.m. (the "Hearing") upon the *Debtors' Motion Seeking*

*Approval to Retain and Employ Professionals Utilized in the Ordinary Course of Business* [ECF

No. ___] (the "Motion"), seeking the entry of an order authorizing the Debtors[2] to retain and

compensate certain professionals utilized in the ordinary course of the Debtors' business.  The

---

[1] The last four digits of each Debtor's federal tax identification number are Tamarac 10200, LLC (2050) and Unipharma, LLC (8962).  The address of the Debtors is 10200 N.W. 67th Street, Tamarac, FL 33321.
[2] Capitalized terms not specifically defined herein shall have the same meaning ascribed to them as in the Motion.

Court, having considered the Motion, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) the Court may enter a final order consistent with Article III of the United States Constitution; (e) notice of the Motion and the Hearing thereon was sufficient under the circumstances and no other or further notice need be provided; (f) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and (g) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the Hearing, and being otherwise fully advised in the premises, does for the reasons stated on the record of the Hearing, all of which are incorporated herein; and after due deliberation and sufficient cause appearing therefor, has determined that good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**IT IS ORDERED THAT**:

1.    The Motion is **GRANTED.**

2.    The Debtors are authorized, but not required, to retain and pay reasonable fees and expenses for the services of the Ordinary Course Professionals to assist and advise the Debtors in the operation of their business and to represent the Debtors in matters arising in the ordinary course of the Debtors' business.

3.    The following procedures for the retention of the Ordinary Course Professionals are hereby approved:

> a.    The Debtors shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements to each of the Ordinary Course Professionals retained by the Debtors upon (i) each Ordinary Course Professional's submission of a Declaration of Disinterestedness (as defined below) and (ii) upon the Debtors' submission of an appropriate invoice setting forth in reasonable

detail the nature of the services rendered after the Petition Date, in accordance with the respective professional's retention agreement; provided, however, that each Ordinary Course Professional's fees, excluding costs and disbursements, do not exceed $25,000 per month while these chapter 11 cases are pending.

b.    Any payments to an Ordinary Course Professional in excess of the fee cap set forth in clause (a) above shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of Florida (the "<u>Local Rules</u>"), the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court.

c.    No later than twenty (20) days after the entry of an order granting this motion, each Ordinary Course Professional on the list annexed hereto as **<u>Exhibit "A"</u>** shall file with the Court and serve upon (i) the Office of the United States Trustee, 51 S.W. 1st Avenue, Ste. 1204, Miami, FL 33130 (the "<u>U.S. Trustee</u>"); (i) Debtors, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq., Email: singerman@bergersingerman.com and Christopher Andrew Jarvinen, Esq., Email: cjarvinen@bergersingerman.com); and (iv) attorneys for secured creditor, NHTV ULM Holdings LLC, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Shrock, P.C., Email: Ray.Schrock@weil.com and Alexander Welch, Esq., Email: Alexander.Welch@weil.com) (together, the "<u>Notice Parties</u>") a declaration of disinterestedness (the "<u>Declaration of Disinterestedness</u>") substantially similar to the form attached to the Motion as **<u>Exhibit "B"</u>**.

d.    The Notice Parties shall have ten (10) days after the service of each Ordinary Course Professional's Declaration of Disinterestedness (the "<u>Objection Deadline</u>") to object to the retention of such Ordinary Course Professional.  The objecting party shall serve any such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline.  If any such objection cannot be resolved within ten (10) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the parties thereto.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized as a final matter to retain and pay such Ordinary Course Professional to whom an objection was not filed.

e.    Beginning on April 1, 2020 and on the first day of each quarter thereafter in which these Chapter 11 cases are pending, the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each

3

Ordinary Course Professional paid during the immediately preceding three-month period. Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

f.     The Debtors reserve the right to supplement the list of Ordinary Course Professionals as necessary to add or remove Ordinary Course Professionals from time to time in its sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added Ordinary Course Professionals. In such event, the Debtors propose to file a notice with the Court listing the additional Ordinary Course Professionals that the Debtor intends to employ (the "Ordinary Course Professional Notice") and to serve notice on the Notice Parties. Additionally, each additional Ordinary Course Professional listed in the Ordinary Course Professional Notice shall serve a Declaration of Disinterestedness on the Notice Parties. If, within ten (10) days of service of the Declaration of Disinterestedness, no objections are filed to any such additional Ordinary Course Professional, then retention of the Ordinary Course Professionals shall be deemed approved by the Court without a hearing or further order.

4.     Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final order entered by the Court approving the Debtors' entry into any post-petition debtor in possession financing facility (the "DIP Financing Order"). To the extent that there is any inconsistency between the terms of this Order and the DIP Financing Order, the terms of the DIP Financing Order shall control.

5.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the rights of the Debtors or any party in interest to subsequently

4

dispute such claim, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

#    #    #

Submitted by:
Paul A. Avron, Esq.
pavron@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

*(Paul A. Avron, Esq. is directed to serve a copy of this order on interested parties and file with the Court a certificate of service.)*

5

10180463-1

**EXHIBIT "A"**

**(LIST OF ORDINARY COURSE PROFESSIONALS)**

| Company | Contact Person | Type/Category |
|---|---|---|
| Paladin Management Group, LLC<br>633 W. 5th Street, 28th Floor<br>Los Angeles, FL  90071 | Scott Avila<br>(213) 320-5500 | Strategic Communications<br>Consulting Services |

10180463-1