UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| TAMARAC 10200, LLC and | Case No. 20-bk-23346-PDR |
| UNIPHARMA, LLC, | Case No. 20-bk-23348-PDR |
| | |
| Debtors[1]. | Chapter 11 Cases |
| | (Jointly Administered) |

_____/

**GLOBAL NOTES AND STATEMENT OF
LIMITATIONS, METHODOLOGY, AND DISCLAIMER
REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs," and together with the "Schedules," collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). The Debtors, with the assistance of their Chief Restructuring Officer (defined below) and advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 Cases (defined herein), including, without limitation, any issues involving equitable subordination, offsets or defenses, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

1.    Description of the Case. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "Chapter 11 Cases"). The Debtors' have been assigned the above-referenced case numbers and the Chapter 11 Cases are being jointly administered under lead Case No. 20-bk-23346-PDR. The Debtors are currently operating their business as debtors-in-possession.

---

[1]    The last four digits of each Debtor's federal tax identification number are Tamarac 10200, LLC (2050) and Unipharma, LLC (8962). The address of the Debtors is 10200 N.W. 67th Street, Tamarac, FL 33321.

2.    <u>Summary of Reporting Policies</u>.    Neil F. Luria, the court-approved Chief Restructuring Officer (the "<u>Chief Restructuring Officer</u>") of each of the Debtors, has signed the Schedules and Statements.   In reviewing and signing the Schedules and Statements, Mr. Luria has necessarily relied upon the efforts, statements, and representations of the Debtors' current management which has been in place since November 10, 2020, and employees of the Debtors who were in the employ of the Debtors prior to the involvement of the current management team.   The Schedules and Statements have been prepared and filed within 15 days of the Petition Date (defined herein) in order to comply with a particular "bankruptcy milestone" set forth in the agreement providing the Debtors with debtor-in-possession financing [ECF No. 20, ECF p. 170 out of 194 pages at §5.01(s)(v)] and a proposed sale agreement [ECF No. 19, ECF p. 95 out of 178 pages at §7.3(e)], both of which required the Debtors to file their Schedules and Statements within 14 days of the Petition Date.   With the approval of the Debtors' lender under the debtor-in-possession lending arrangement and the proposed stalking-horse bidder under the proposed sale agreement, this 14-day deadline was extended by one additional day by the *Order Granting Debtors' Ex Parte Motion for Extension of Time to File Schedules and Statements of Financial Affairs* [ECF No. 105], which authorized the Debtors, through December 22, 2020, to file their Schedules and Statements.   The Chief Restructuring Officer has exercised best efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation; however, inadvertent errors or omissions may have occurred. A significant amount of disclosures contained in the Schedules and Statements are derived from historical information maintained by the Debtors prior to November 10, 2020, when prior management was in place at the Debtors.   The information has not been audited.   Mr. Luria has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.   Accordingly, the Debtors reserve the right, as expressly provided for by Bankruptcy Rule 1009(a) to amend each of the Schedules and Statements from time to time as may be necessary or appropriate.   In addition, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

(a)    <u>Reporting Date</u>.   The Debtors' Schedules and Statements were prepared with data as near as possible to the Petition Date.

(b)    <u>Book Value</u>.   Unless otherwise noted, the carrying value on the Debtors' books (net book value), rather than the current market values, of the Debtors' interests in property and of the Debtors' liabilities, is reflected on each Debtor's Schedules and Statements. Unipharma also employs all of the Debtors' personnel and handles all cash receipts and disbursements for the Debtors.

(c)    <u>Causes of Action</u>.   Despite reasonable and good faith efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.   The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.   Similarly, in instances where the Debtors are defendants in lawsuits or other disputes, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtors' defenses, objection and other rights with respect to such causes of action are hereby preserved.

(d)    Schedule D.  Except as otherwise agreed in accordance with a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Holders of secured claims by virtue of holding setoff rights against the Debtors are not included on Schedule D.

(e)    Schedule G.  While reasonable best efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors reserve their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Additionally, the placing of a contract or lease onto this Schedule shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract.

The contracts, agreements and leases listed on Schedule G may have expired or may have been terminated, assigned, modified, amended and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein.  It is possible that any lease listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings, and the inclusion of these agreements on Schedule G is not an admission that the agreement is an executory contract, financing agreement or otherwise

(f)    Schedule H.  Lists those parties potentially liable for material debts and obligations of the Debtors, based upon information currently available and may not be a complete list of all guarantors or co-obligors.

(g)    Gross Revenues.  Each Debtor reports its own gross revenue.

(h)    Payments to Creditors and Insiders.  On the Statement of Financial Affairs Part 2, question 3, the Debtors have scheduled all known payments made during the 90 days prior to the Petition Date other than ordinary course wages/expense reimbursements of employees.  Additionally, payments (including pre-petition retainers) made to the Debtors' professionals prior to the Petition Date are listed in Part 6 of the Statement of Financial Affairs, question 11.

3.    Claims.  The Debtors' Schedules identify creditors and set forth the Debtors' estimates of the claims of creditors as of the Petition Date.  Such Schedules may not have captured all claims.  Claim amounts will be amended as appropriate for any such items subsequently identified.

4.    Employee Claims.  The Bankruptcy Court entered an order granting the Debtors authority to pay certain prepetition and post-petition employee wages, salaries, benefits and other obligations.  Pursuant to such authority, the Debtors made post-petition payments on account of

3

prepetition employee-wage obligations.  Accordingly, the Debtors believe that all employee claims for prepetition amounts for which the Debtors received authorization to make payment either have been satisfied or are in the process of being satisfied.   Accordingly, such claims are not listed on Schedule E.

5.      <u>Disputed, Contingent and/or Unliquidated Claims</u>.  Schedules D, E and F permit the Debtors to designate a claim as disputed, contingent and/or unliquidated.  A failure to designate a claim on any of the Schedules and Statements as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors reserves the right to dispute or assert offsets or defenses to any claim reflected on these Schedules and Statements as to nature, amount, liability or status, or to otherwise subsequently designate any claim as disputed, contingent, or unliquidated.

6.      <u>Global Notes Control</u>.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.


* * * END OF GLOBAL NOTES * * *
* SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE *

10236558-2

4

**Fill in this information to identify the case:**

Debtor name   **Tamarac 10200, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF FLORIDA

Case number (if known)   **20-bk-23346-PDR**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*.................................................................................   $   8,259,393.00

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.............................................................................   $   313,216.00

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*..............................................................................   $   8,572,609.00

| Part 2: | Summary of Liabilities |
| --- | --- |

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................   $   72,238,384.00

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................   $   0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................   +$   0.00

4.   **Total liabilities** ......................................................................................
   Lines 2 + 3a + 3b   $   72,238,384.00

**Fill in this information to identify the case:**

Debtor name **Tamarac 10200, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF FLORIDA

Case number (if known) **20-bk-23346-PDR**

☐ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

**1. Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
Name of institution (bank or brokerage firm)      Type of account      Last 4 digits of account number

| 3.1. | **J.P. Morgan Chase Bank, N.A.** | **Checking Account** | **0339** | **$11,861.00** |
|---|---|---|---|---|

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| **$11,861.00** |
|---|

**Part 2:    Deposits and Prepayments**

**6. Does the debtor have any deposits or prepayments?**

☑ No.  Go to Part 3.
☐ Yes Fill in the information below.

**Part 3:    Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
☑ Yes Fill in the information below.

11.    **Accounts receivable**

| 11a. 90 days old or less: | **301,355.00** | - | **0.00** | = .... | **$301,355.00** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

**Intercompany Receivable due from Unipharma, LLC**

Debtor    **Tamarac 10200, LLC**      Case number *(If known)* **20-bk-23346-PDR**
Name

| 12. | **Total of Part 3.** | | **$301,355.00** |
|---|---|---|---|
| | Current value on lines 11a + 11b = line 12. Copy the total to line 82. | | |

### Part 4: Investments

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

### Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

### Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

### Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

### Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

### Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

Debtor   **Tamarac 10200, LLC**                                    Case number *(If known)*   **20-bk-23346-PDR**
_____
Name

| | | | | | |
|---|---|---|---|---|---|
| 55.1. | **Building - Maufacturing facility and office space owned by Tamarac and leased to Unipharma, located at 10200 N.W. 67th Street, Tamarac, FL 33321** | Owner | $5,949,893.00 | Net Book Value | $5,949,893.00 |
| 55.2. | **Land Value of maufacturing facility and office space owned by Tamarac and leaseed to Unipharma, located at 10200 N.W. 67th Street, Tamarac, FL 33321** | Owner | $2,309,500.00 | Net Book Value | $2,309,500.00 |

56.   **Total of Part 9.**                                                                             | $8,259,393.00 |

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

57.   **Is a depreciation schedule available for any of the property listed in Part 9?**
☐ No
■ Yes

58.   **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 10:**   **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:**   **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

Debtor    **Tamarac 10200, LLC**
_____
Name

Case number *(If known)*  **20-bk-23346-PDR**
_____

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $11,861.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $301,355.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*............................................................> | | $8,259,393.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $313,216.00 | + 91b.  $8,259,393.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $8,572,609.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

**Fill in this information to identify the case:**

Debtor name **Tamarac 10200, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF FLORIDA

Case number (if known) **20-bk-23346-PDR**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                     12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1 NHTV ULM Holding LLC**<br>Creditor's Name<br><br>**c/o MS Capital Partners Adviser Inc.**<br>**Attn:  Frederik Wijsenbeek**<br>**1585 Broadway**<br>**New York, NY 10036**<br>Creditor's mailing address<br><br>**frederik.wijsenbeek@morganstanley.com**<br>Creditor's email address, if known<br><br>**Date debt was incurred**<br>**September 28, 2018**<br>Last 4 digits of account number<br><br>**Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | Describe debtor's property that is subject to a lien<br>**Guarantor on Loan Agreement with Unipharma, LLC; claim amount includes $1,902,282.00 in lender legal fees**<br><br>Describe the lien<br><br><br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$72,238,384.00** | **$8,572,609.00** |

| | |
|---|---|
| 3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | **$72,238,384.00** |

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name    **Tamarac 10200, LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF FLORIDA

Case number (if known)    **20-bk-23346-PDR**

☐ Check if this is an amended filing

# Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | |
|---|---|---|
| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* |
| | | ☐ Contingent |
| | | ☐ Unliquidated |
| | Date or dates debt was incurred ____ | ☐ Disputed |
| | Last 4 digits of account number ____ | Basis for the claim: _____ |
| | | Is the claim subject to offset? ☐ No  ☐ Yes |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | | |

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ 0.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

Fill in this information to identify the case:

Debtor name  **Tamarac 10200, LLC**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF FLORIDA

Case number (if known)  **20-bk-23346-PDR**

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☑ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal     Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| | | |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Independent Contractor Agreement dated October 18, 2020** | |
| | State the term remaining | **At will contract** | **IRC Consulting, Inc.**<br>**Attn:  Charles Sweet, President**<br>**1020 Holland Drive, Ste. 114**<br>**Boca Raton, FL 33487** |
| | List the contract number of any government contract | | |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Commercial Lease for the real property located at 10200 NW 67th Street, Tamarac, FL  33321 dated May 1, 2018 by and between Tamarac and Unipharma, as amended** | |
| | State the term remaining | **Expires 9/30/2033** | **Unipharma, LLC**<br>**10200 N.W. 67th Street**<br>**Fort Lauderdale, FL 33321** |
| | List the contract number of any government contract | | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name __Tamarac 10200, LLC__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF FLORIDA__

Case number (if known) __20-bk-23346-PDR__

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1  **Unipharma, LLC** | **10200 N.W. 67th Street**<br>**Tamarac, FL 33323** | **NHTV ULM Holding LLC** | ■ D __2.1__<br>☐ E/F _____<br>☐ G _____ |