IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

TAMARAC 10200, LLC and					Case No. 20-bk-23346-PDR
UNIPHARMA, LLC,						Case No. 20-bk-23348-PDR

    Debtors.[1]						Chapter 11 Cases
								(Jointly Administered)

_____/

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF DECEMBER 22, 2020**

The Official Committee of Unsecured Creditors of Tamarac 10200, LLC and Unipharma, LLC (the "Committee") submits this application (the "Application") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of PricewaterhouseCoopers ("PwC") as financial advisor to the Committee effective as of December 22, 2020 (the "Retention Date") pursuant to the terms of the engagement letter (the "Engagement Letter"),[2] attached hereto as **Exhibit B** as modified by this Application. In support of this Application, the Committee relies on the Declaration of Steven Fleming in Support of the Application (the "Fleming Declaration"),

---

[1] The last four digits of each Debtor's federal tax identification number are Tamarac 10200, LLC ("Tamrac") (2050) and Unipharma, LLC ("Unipharma") (8962). The address of the Debtors is 1020 N.W. 67th Street, Tamarac, FL 33321.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

118221289.v1

attached hereto as **Exhibit A**. In further support of this Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On December 7, 2020 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court in the Southern District of Florida, Fort Lauderdale Division commencing the above-captioned and jointly administered cases (these "Cases").

4. The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On December 8, 2020, the Court entered an Order approving the joint administration of the Cases [Docket No. 25].

6. On December 18, 2020, the United States Trustee (the "U.S. Trustee") appointed three (3) members to the Committee [Docket No. 89]. The Committee is comprised of the following three members: (i) Pedro M. Gallinar & Associates P.A.; (ii) Resources Connection, LLC dba Resources Global Professionals; and (iii) Lope Alejandro Tapia Lizardi.

7. On December 22, 2020, the Committee selected PwC as its financial advisor.

## RELIEF REQUESTED

8. By this Application, the Committee respectfully requests the entry of an order authorizing and approving the employment and retention of PwC as its financial advisor to perform

services relating to the Debtors' bankruptcy cases, effective as of December 22, 2020.

9. The Committee has selected PwC to assist the Committee with analyzing the Debtors' business and financial affairs. The services of PwC as a financial advisor are necessary to assist the Committee in performing its duties and exercising its powers as set forth in the Bankruptcy Code at §1103(c).

10. PwC is well qualified to represent the interests of the Committee as a financial advisor. PwC specializes in providing financial and forensic analysis with respect to complex financial transactions.

11. PwC is disinterested as defined at 11 U.S.C. §101(14) and does not hold or represent an interest adverse to the Debtors or their estates in connection with these cases. PwC has advised the Committee that except as disclosed in the Fleming Declaration filed with this Application, PwC does not hold or represent an entity having an adverse interest in connection with the Debtors' bankruptcy cases, is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and does not have any connections with the Debtors or other individuals or entities that the Debtors identified as being potential parties in interest in these chapter 11 cases (the "Parties in Interest").

## SCOPE OF SERVICES

12. Subject to further order of the Court, and as set forth more fully in the Engagement Letter outlined herein, in consideration for the compensation contemplated therein, PwC will provide the following services:[3]

    a. Advise and assist the Committee in its analysis of any proposed debtor in possession financing or use of cash collateral;

---

[3] Any summary of the scope of services or terms and conditions of the Engagement Letter provided herein is for the Court's convenience and, to the extent of any conflict with the actual terms and conditions of the Engagement Letter, as the same may be limited or modified by the Court's order approving PwC's engagement, the Engagement Letter shall control.

-3-

b. Advise and assist the Committee in the monitoring of the Debtors' short term cash flow, liquidity, and operating results;

c. Advise and assist the Committee in its review of financial related disclosures of the Debtors, including Schedules of Assets and Liabilities, Statements of Financial Affairs and Monthly Operating Reports;

d. Advise and assist the Committee in its review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

e. Advise and assist the Committee in its review of any key employee retention and other employee benefit programs that may be proposed by the Debtors;

f. Advise and assist the Committee in its review of the Debtors' analysis with respect to the assumption or rejection of various executory contracts and leases;

g. Advise and assist the Committee in its review of the claims reconciliation and estimation process, including an entity and priority level assessment of claims;

h. Attend meetings and assist in discussions with the Debtors, the Committee, the U.S. Trustee, and any party in interest and their respective professionals, as requested by the Committee;

i. Advise and assist the Committee in the evaluation and analysis of potential avoidance actions, including fraudulent conveyances and preferential payments or transfers;

j. Advise and assist the Committee in its assessment of restructuring alternatives and estimated recoveries, including the review of any Plan of Reorganization and related Disclosure Statement, sale transactions or other restructuring transactions proposed by the Company;

k. Provide advice with respect to any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

l. Advise and assist the Committee in conducting corporate due diligence/background checks to identify network of relationships and organizations associated with certain insiders and related entities/parties;

-5-

  m. Advise and assist the Committee in its assessment of forensic or investigative reports, data, and analyses related to insider activities prepared by other professionals;

  n. As requested, testify as either a "fact or percipient witness" or an "expert witness" in the Company's bankruptcy court proceedings based on PwC's direct knowledge of the estate arising from or relating to the Services performed; and

  o. Render such other general business consulting or other such assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor.

## PROFESSIONAL COMPENSATION

13. Subject to the Court's approval, and pursuant to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of Florida, and the rules and other procedures which this Court may fix, the Committee requests that PwC be compensated on an hourly basis, plus reimbursement of its actual and necessary expenses incurred, in connection with representing the Committee in these chapter 11 cases. The Committee has been advised that PwC's compensation shall be in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, or the expenses are incurred.

14. The Committee understands that any compensation and expenses paid to PwC must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, and any Orders of this Court respecting compensation of professionals.

15. PwC has agreed to charge the following hourly rates. Individual hourly rates vary according to the experience and skill required.

| Personnel | Hourly Billing Rate |
|---|---|
| Partner/Principal | $750 |
| Director | $593 |
| Manager | $461 |
| Senior Associate | $379 |
| Associate | $240 |

16. PwC has not received a retainer from the Committee for the services to be performed in these Cases.

## INDEMNIFICATION

17. As part of the overall compensation payable to PwC, as set forth in the Engagement Letter, the Committee requests that the Court require the Debtors to indemnify and hold harmless PwC from and against all third party claims, losses, liabilities and damages (including any costs, expenses and reasonable attorneys' fees) arising from or relating to the services or deliverables, except to the extent finally determined to have resulted from PwC's gross negligence or intentional misconduct, and to request that this Court enter an order approving such indemnification.

## PwC's DISINTERESTEDNESS

18. To the best of the Committee's knowledge and based upon the Fleming Declaration, PwC represents no other entity in connection with these cases, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and does not hold or represent any interest adverse to the Debtors with respect to the matters upon which it is to be employed.

19. PwC has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## BASIS FOR RELIEF

20. Section 1103(a) of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code, subject to court approval:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

21. Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

22. The terms of this engagement were negotiated by the Committee and PwC at arm's-length and in good faith. The Committee and PwC respectfully submit that the terms of PwC's retention are customary and reasonable for financial advisor engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors and all parties-in-interest.

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted hereto as "**Exhibit C**", authorizing the Committee to retain and employ PwC as financial advisor to the Committee, effective as of December 22, 2020, and grant the Committee such other and further relief as the Court deems just or proper.

| | |
|---|---|
| Dated: January 5, 2021 | Respectfully submitted, |
| | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TAMARAC 10200, LLC AND UNIPHARMA, LLC** |
| | By: */s/ Michelle Gouvion*<br>Michelle Gouvion, in her capacity as the Chairperson |

118221289.v1